**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATIE KANE; DARLA BOOTH; ARIANNA ROSALES, individually and on behalf of all others similarly situated, | No. 14-15670 |
| Plaintiffs - Appellants, | D.C. No. 5:12-cv-02425-LHK |
| v. | MEMORANDUM[*] |
| CHOBANI, LLC, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted March 16, 2016
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Katie Kane, Arianna Rosales, and Darla Booth appeal the Rule 12(b)(6)

dismissal of their putative class action asserting claims against Chobani, Inc. in

connection with Chobani's labeling and sale of yogurt.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

28 U.S.C. § 1291. We vacate the district court's February 20, 2014 order granting Chobani's motion to dismiss the third amended complaint. We remand for entry of an order staying proceedings until such time as the U.S. Food and Drug Administration (FDA) completes its proceedings regarding the use of the terms "evaporated cane juice" and "natural" in food labeling.

We remand this action to the district court with instructions to enter a stay of proceedings under the primary jurisdiction doctrine. Plaintiffs' claims arise from their assertions that Chobani deceptively and unlawfully labels its yogurt as "natural" in violation of FDA regulations, and that Chobani deceptively and unlawfully uses the term "evaporated cane juice" to describe its yogurt's added sugar ingredient. The delineation of the scope and permissible usage of the terms "natural" and "evaporated cane juice" in connection with food products "'implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) (quoting *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008)); *see also* 21 C.F.R. § 101.1 *et seq.*, 131.200(d)(2), 168.110, 168.130.

Although "[c]ommon sense tells us that . . . a court should not invoke primary jurisdiction when the agency is aware of but has expressed no interest in the subject matter of the litigation," *Astiana*, 783 F.3d at 761, this is not such a case. In November 2015, the FDA issued a request for comments regarding the use of the term "natural" in connection with food product labeling. *See* Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments, 80 Fed. Reg. 69,905 (Nov. 12, 2015). And, in July 2015, the FDA represented that it expects to issue final guidance on the term "evaporated cane juice" by the end of 2016. Letter from Leslie Kux, Assoc. Comm'r for Policy, FDA, to Judge Edward Chen, U.S. Dist. Court for the N. Dist. of Cal. (July 8, 2015); *see also* Draft Guidance for Industry on Ingredients Declared as Evaporated Cane Juice; Reopening of Comment Period; Request for Comments, Data, and Information, 79 Fed. Reg. 12,507 (Mar. 5, 2014).

Given the ongoing FDA proceedings regarding the terms "natural" and "evaporated cane juice," we conclude that resolution of this action will not be needlessly delayed and that judicial resources will be conserved by staying these proceedings. *See Astiana*, 783 F.3d at 760 ("[E]fficiency is the deciding factor in whether to invoke primary jurisdiction.") (citation omitted).

3

We **VACATE** and **REMAND** with instructions that the district court stay this action pending resolution of the FDA's "natural" and "evaporated cane juice" proceedings.[1]

Each party shall bear its own costs on appeal.

---

[1] We note that the duration of the stay remains within the sound discretion of the district court. If future events render the FDA's apparently imminent resolution of the "evaporated cane juice" and "natural" issues illusory, such events should inform the district court's exercise of its discretion. *See Astiana*, 783 F.3d at 762.